UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00558-FDW-DSC

| | |
|---|---|
| LEWIS GERMAN and MARY HUNTER GERMAN, <br><br> Plaintiffs, <br><br> vs. <br><br> BEKINS VAN LINES, INC., AND STEVENS WORLDWIDE VAN LINES, INC., D/B/A BEKINS VAN LINES, INC., <br><br> Defendants. | ORDER and NOTICE |

THIS MATTER is before the Court on Defendant's Partial Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and Defendants' Motion for Preliminary Hearing, pursuant to Initial Scheduling Order, § 3(c)(ii). (Doc. Nos. 4, 5). Defendants filed a Memorandum in Support of its Motion to Dismiss as well as an Answer to Plaintiff's Complaint. (Docs. Nos. 4-1, 6). Plaintiffs have responded, and Defendants filed a Reply. (Doc. Nos. 12, 13). For the reasons that follow, Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART. Defendants' Motion for Preliminary Hearing is DENIED.

Also before the Court is Defendants' Motion for Summary Judgment, to which Plaintiffs filed a *pro se* Response. (Doc. Nos. 17, 18). Defendants filed a Reply. (Doc. No. 19). In light of the Court's ruling on the motion to dismiss, the Court will reopen the opportunity to Plaintiffs to supplement their response to Defendants' motion for summary judgment and provides some very important guidance for Plaintiffs regarding the burden they carry in responding to the pending motion for summary judgment.

1

# I. Background

On October 7, 2019, Plaintiffs Lewis German and Mary Hunter German, through former counsel, filed a civil action against Defendants Bekins Van Lines, Inc., and Stevens Worldwide Van Lines, Inc., in the North Carolina General Court of Justice, Superior Court Division, Union County, in Case No. 19CVS2916. (Doc. No. 1-1 at 1). The Complaint lists claims for: (1) breach of contract, (2) unjust enrichment, and (3) unfair and deceptive trade practices under N.C. Gen. Stat. §75-1.1. Id. at 5–8. Plaintiffs alleged that on January 1, 2019, they entered into a contractual agreement with Defendant Bekins, "in which Bekins agreed to securely package, handle, and transport personal, household, and business property belonging to Plaintiffs" from Phoenix, Arizona, to Indian Trail, North Carolina. Id. at 5, ¶10, 11. In exchange, Plaintiffs contend they agreed to pay and later did pay Defendant Bekins $13, 624.74 as compensation for their services. Id. On March 27, 2019, Plaintiffs allege that pursuant to the contract, Bekins employees or agents packaged their property and began loading the packages into a "Stevens moving truck." Id. at 5, ¶ 12.

According to Plaintiffs, in accordance with the contract, employees or agents of Defendant Bekins left Arizona to transport Plaintiff's property to their North Carolina residence, which was to be delivered sometime between April 5, 2019. and April 9, 2019. Id. at 5, ¶ 14, 15. When Defendants delivered Plaintiffs' property to their North Carolina residence, Plaintiffs alleged, "their property was severely damaged and destroyed, . . . beyond the normal wear and tear of a residential move." Id. at 6, ¶ 17. As Plaintiffs contend, although they made "repeated demand upon Defendants for payment of the damaged property," Defendants have failed to do so, which Plaintiffs argue constitutes a breach of a material term of the contract. Id. at 6, ¶ 22, 23. Further,

Plaintiffs allege that on June 20, 2019, their attorney "forwarded a Demand Letter to Bekins, demanding payment for the damaged property" and that despite having "adequate opportunity to avoid default and cure its breach, [Defendants] failed to do so." Id. at 6, ¶ 24, 25. As a consequence of Defendants' actions, Plaintiffs contend they suffered damages in excess of $25,000. Id. at 7, ¶ 29.

In response to the Complaint, Defendants timely filed a Notice ("Notice of Removal") removing the case from the North Carolina General Court, Superior Division of General County to this Court. (Doc. No. 1). Therein, Defendants allege in support of their Notice of Removal that because Plaintiffs' claims "arise from damage to or loss of goods shipped in interstate commerce, Plaintiffs' state law causes of action are completely preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 et. seq." Id. at 2. Thus, Defendants argue that under 28 U.S.C. § 1331 and §1337, the Court has original jurisdiction over the matter and therefore that the case may be removed pursuant to 28 U.S.C. § 1441. Id. On October 31, 2019, Defendants filed a Partial Motion to Dismiss and Memorandum in Support, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 4, 4-1). The same day, Defendants filed a Motion for Preliminary Hearing on its Partial Motion to Dismiss, as well as an Answer to Plaintiffs' Complaint. (Doc. Nos. 5, 6). Defendants' argument for dismissal is based upon the same grounds asserted in its Notice of Removal–that Plaintiffs' state law claims are expressly preempted by federal law by way of the Carmack Amendment, and thus that Plaintiffs failed to state a claim upon which relief may be granted. (Doc. No. 4-1 at 1–2).

On December 3, 2019, Plaintiffs' counsel in the state court proceeding, Ellen A. Bragg, filed a Motion To Withdraw as Counsel pursuant to Rule 1.16 of the Rules of Professional Conduct

3

as she could not practice in federal court. (Doc. No. 7). Plaintiffs then filed a notice of their intention to proceed *pro se*. (Doc. No. 8). On January 6, 2020, this Court filed a Roseboro Order, advising Plaintiff of the burden they carry in responding to Defendants' Motion. (Doc. No. 9). The Court recognized that, while Plaintiffs were previously represented by counsel, their attorney failed to file a response before the deadline for doing so passed. Id. at 1. However, as the Court permitted counsel to withdraw, the Court *sua sponte* granted Plaintiffs an extension of time to file a response, setting a deadline of January 24, 2020. Id. at 2–3. Thereafter, on January 21, 2020, Plaintiffs filed a *pro se* Response in Opposition to Defendants' Motion. (Doc. No. 12). Therein, Plaintiffs did not directly respond to Defendants' preemption argument, and instead reasserted the same basic allegations as in their Complaint, although they did add a claim of negligence. Id. at 1–2. Defendants filed a Reply on January 24, 2020, and the matter is now ripe for review by this Court. (Doc. No. 13).

Before these Motions could be addressed by the Court, on May 13, 2020, Defendants filed a Motion for Summary Judgment, to which Plaintiffs filed a *pro se* Response on May 22, 2020. (Doc. Nos. 17, 18). Defendants filed a Reply on May 29, 2020, and the matter is now ripe for review. (Doc. No. 19)

## II.     Standard of Review

### A.     F.R.C.P. 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. As a general matter, a motion to dismiss under Rule 12(b)(6) should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. Mylan Labs., Inc. v.

4

Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When analyzing whether to grant a motion to dismiss, the court should accept as true all well-pleaded allegations and view the complaint in a light most favorable to the plaintiff. Id. (citing De Sole v. United States, 947 F.2d 1169, 1171 (4th Cir. 1991)).

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Circ. 1992), cert. denied, 510 U.S. 828 (1993). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "enough facts to state a claim that is plausible on its face" to survive a motion to dismiss under Rule 12(b)(6). Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is responsible for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

"When considering a motion to dismiss involving *pro se* parties, the court construes the pleadings liberally to ensure that valid claims do not fail merely for lack of legal specificity." Brown v. Charlotte Rentals LLC, No. 3:15-cv-0043-FDW-DCK, 2015 WL 4557368, at *2 (W.D.N.C. July 28, 2015) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). At the same time, however, the Court should not "assume the role of advocate for the *pro se* plaintiff." Gordon, 574 F.2d at 1151 (quotation omitted).

### III. ANALYSIS

**A.  FRCP 12(b)(6) Motion to Dismiss and Motion for Preliminary Hearing**

Plaintiffs' Complaint alleges causes of action for breach of contract, unjust enrichment, and unfair and deceptive trade practices. (Doc. No. 4-1 at 1). Because the basis of Plaintiffs' claims relies upon allegations of damage to household goods shipped in interstate commerce, Defendants' argue Plaintiffs' state law claims are preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 *et. seq*. Id. Therefore, Defendants further argue Plaintiffs' claim should be dismissed in accordance with Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Id.

The Fourth Circuit has explained the situations in which federal law will preempt that of state law in the following terms:

> The doctrine of federal preemption of state law arises under the supremacy clause of the United States Constitution, art. VI, cl. 2. Preemption occurs in any of three manners: (1) Congress may pass a statute that by its express terms preempts state law, (2) Congress, though not expressly so stating, may imply that it is preempting state law by occupation of an entire field of regulation, so that no room is left for supplementary state regulation, (3) Congress may speak neither expressly nor impliedly of preemption, nonetheless state law is preempted to the extent it actually conflicts with federal law; such a conflict occurs when (a) compliance with both state and federal law is impossible or (b) when state law stands as an impediment to a federal purpose.

Abbot by Abbot v. Am. Cyanamid Co., 844 F.2d 1108, 1111 (4th Cir. 1988) (citing Michigan Canners and Freezers Assoc. v. Agricultural Mktg. and Bargaining Bd., 467 U.S. 461, 469 (1984)).

In 1906, Congress enacted the Carmack Amendment to the Interstate Commerce Act of 1887 in order to create, "a national scheme of carrier liability for goods damaged or lost during interstate shipment under a valid bill of lading." Shao v. Link Cargo (Taiwan) Ltd., 986 F.2d 700, 704 (4th Cir. 1993). The Carmack Amendment is now codified at 49 U.S.C. § 14706, and provides in pertinent part:

6

> A carrier providing transportation or service ... shall issue a receipt or bill of lading for property it receives for transportation under this part.... That carrier ... [is] liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States....

From its enactment, the Supreme Court has made it clear that Congress intended the Carmack Amendment to "broadly occupy the entire interstate shipment field of commerce." Miracle of Life, LLC v. N. Am. Van Lines, Inc., 368 F. Supp. 2d 494, 497 (D.S.C. 2005). See Adams Express Co. v. Croninger, 226 U.S. 491, 505–06 (1913) ("Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it."). Further, "[t]he Fourth Circuit has joined virtually all others in agreeing that the Carmack Amendment preempts all state law claims, whether they contradict or supplement Carmack Amendment remedies." Parramore v. Tru-Pak Moving Sys., Inc., 286 F. Supp. 2d 643, 648 (M.D.N.C. 2003) (citing Shao, 986 F.2d at 706–07).

Turning to the individual state law claims of breach of contract, unjust enrichment, and unfair trade practices brought by Plaintiffs, an examination of decisions by other courts in this Circuit demonstrate that they are likewise preempted by the Carmack Amendment. See Shao, 968 F.2d at 705 (holding that the Carmack Amendment preempts state and common law breach of contract and negligence claims) (internal citation omitted); see also Rehm v. Baltimore Storage Co., 300 F.Supp.2d 408, 414 (W.D.Va. 2004) (holding that the Carmack Amendment preempted plaintiff's cause of action for violation of Virginia consumer protection law); Richter v. N. Am. Van Lines, Inc., 110 F. Supp. 2d 406, 408 (D. Md. 2000) (holding that Carmack Amendment preemption applies to unfair trade practices claims).

7

As each of Plaintiffs' claims are based on state law, in light of the above discussion concerning Carmack Amendment preemption, the Court agrees with Defendants and concludes Plaintiffs' state law claims must be dismissed.

However, the Supreme Court has held that "a lawsuit that purports to raise only state law claims may be construed as raising federal law claims where complete preemption exists." Rush Indus., Inc. v. MWP Contractors, LLC, 539 F. App'x 91, 95 (4th Cir. 2013) (citing Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 66–67 (1987)). Thus, the Court declines to dismiss Plaintiffs' Complaint entirely. Defendants' removal notice clearly indicated they were on notice that Plaintiffs' claims sought relief under federal law, specifically the Carmack Amendment. See Doc. No. 1 (asserting Plaintiffs' claims "arise from damage to or loss of goods shipped in interstate commerce, Plaintiffs' state law causes of action are completely preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 et. seq."). Furthermore, while Defendants' Motion to Dismiss was still pending, Defendants filed a Motion for Summary Judgment, in which they conceded, "Plaintiffs' sole cause of action against Defendants is pursuant to the Carmack Amendment and all other state law causes of action must therefore be dismissed." (Doc. No. 17-1 at 2). Because Defendants have proceeded as though Plaintiffs' claims were brought pursuant to the Carmack Amendment, the Court finds it prudent to allow Plaintiffs to proceed on those grounds.

Thus, Defendants' motion to dismiss as to Plaintiffs' state law claims is GRANTED IN PART. However, the motion is DENIED IN PART such that Plaintiffs may proceed with their claim pursuant to the Carmack Amendment. Because it would not aid the Court in deciding the

8

instant motion, Defendants' Motion for a Preliminary Hearing on its Motion to Dismiss is also DENIED.

## B. Roseboro Notice: Plaintiffs' Burden to Respond to the Motion for Summary Judgment

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and in accordance with the principles set forth in Roseboro v. Garrison,[1] the Court advises Plaintiffs, who are proceeding *pro se*, of the burden they carry in responding to Defendants' motion. The Court also advises Plaintiffs that failure to respond may result in dismissal of the complaint or judgment entered in favor of Defendants.

Defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which states in section (a) of Rule 56: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(c) provides the procedures for parties to make motions for summary judgment, as well as the procedures for opposing such motions:

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

---

[1] See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."); see also Norman v. Taylor, 25 F.3d 1259, 1261 (4th Cir. 1994) ("In Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), this circuit held that pro se plaintiffs must be advised that their failure to file responsive material when a defendant moves for summary judgment may well result in entry of summary judgment against them.").

> (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
> (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
> (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

This language means that if Plaintiffs have evidence to show a genuine dispute as to any material fact for trial, they must now present it to this Court in a form that would otherwise be admissible at trial, for example, exhibits, affidavits, or unsworn declarations. An affidavit is a written statement sworn before a notary public. Unsworn statements, made and signed under the penalty of perjury, may also be submitted. Plaintiffs should also be aware that under Rule 56(e), "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion; [or] grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2-3).

Plaintiffs have already responded to Defendants' Motion for Summary Judgment (Doc. No. 36); however, in light of the requirements under Roseboro, the Court hereby EXTENDS the time to allow Plaintiff an opportunity to supplement their response, if they so choose. The Court notes this extension to allow a supplement should not be construed as an indication as to the sufficiency of Plaintiffs' response and materials already submitted to the Court. The Court will review all the materials collectively once this motion is ripe.

**Plaintiffs shall have fourteen (14) calendar days from the date of this Order, or until**

**September 15, 2020, to file a supplement,** if any, to their response to Defendants' Motion for Summary Judgment in light of the above standards. Plaintiffs' response must be properly served on Defendants and must include a certificate of service indicating the manner in which Plaintiffs served Defendants. Defendants shall have seven (7) days after the filing of any response by Plaintiffs to submit a supplemental reply brief.

**<u>Plaintiffs' failure to respond to Defendants' Motion For Summary Judgment may result in the Court granting summary judgment to Defendants; that is, they could lose their case, their case could be dismissed with prejudice, and/or judgment could be entered in favor of Defendants.</u>**

## IV.   CONCLUSION

IT IS THEREFORE ORDERED THAT for the foregoing reasons, Defendants' Motion to Dismiss (Doc. No. 4) is GRANTED as to the state law claims in Plaintiffs' Complaint, yet DENIED as to allow the case to proceed under the Carmack Amendment. Defendants' Motion for a Preliminary Hearing (Doc. No. 5) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs may supplement their response to Defendants' Motion For Summary Judgment (Doc. No. 32) **on or before September 15, 2020.** Failure to file a timely and persuasive response in accordance with the principles explained above could lead to an unfavorable ruling for Plaintiffs as explained above. **Defendants' shall submit their reply no later than seven (7) calendar days after Plaintiffs files their response.** The Clerk is respectfully DIRECTED to send a copy of this Notice and Order to Plaintiffs' address of record.

IT IS FURTHER ORDERED that in light of the Court's allowance of this supplemental response, the Court hereby *sua sponte* CONTINUES TRIAL in this matter from the September 8,

11

2020, term to the mixed term beginning on November 2, 2020, with docket call to be set at 9:00 a.m. that day. The Court will provide deadlines for pretrial submissions and/or a pretrial conference in the order on the pending motion for summary judgment.

IT IS SO ORDERED.

Signed: September 1, 2020

Frank D. Whitney
United States District Judge