UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00558-FDW-DSC

| | |
|---|---|
| LEWIS GERMAN and MARY HUNTER GERMAN, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>BEKINS VAN LINES, INC., AND )<br>STEVENS WORLDWIDE VAN LINES, )<br>INC., D/B/A BEKINS VAN LINES, INC., )<br>)<br>Defendants. ) | ORDER |

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment, filed May 13, 2020, to which Plaintiffs filed a *pro se* Response on May 22, 2020. (Doc. Nos. 17, 18). On May 29, 2020, Defendants filed a Reply. (Doc. No. 19). Recognizing that Plaintiffs had filed their response prior to this Court's issuance of a Roseboro Notice, the Court issued the appropriate notice and reopened briefing to allow Plaintiffs an additional opportunity to carry their burden in responding to the instant motion. (Doc. No. 20). Plaintiffs, still appearing *pro se*, subsequently filed a Motion for Summary Judgment (Doc. No. 21) and a Supplemental Response to Defendants' Motion for Summary Judgment (Doc. No. 22). Defendants responded to Plaintiffs' motion (Doc. No. 23) and, as permitted by the Court's Roseboro Notice, filed a second reply to their original motion for summary judgment (Doc. No. 24). In light of the record, and for the reasons explained below, the Court GRANTS Defendants' Motion and DENIES Plaintiffs' Motion.

1

## I.  Background

Plaintiffs filed this action seeking to recover monetary damages arising out of Defendants' transportation of Plaintiffs' household goods in a moving truck.  Plaintiffs contend their property was severely damaged and destroyed sometime after Defendants packaged Plaintiffs' property in Arizona, transported it, and delivered it to Plaintiffs' North Carolina residence.  In ruling on Defendants' previous Motion to Dismiss, the Court narrowed the issues appropriately before the Court, namely Plaintiffs' sole claim under the Carmack Amendment, 49 U.S.C. § 14706. (Doc. No. 20).  Defendants have never denied they are liable as carriers under the Carmack Agreement.

Defendants now seek summary judgment, arguing that because Defendants validly limited their liability in connection with the interstate shipment, Plaintiffs may only recover $0.60 per pound per article.  Plaintiffs, on the other hand, argue for the first time in this Court in their own motion for summary judgment that Defendants are "brokers," not "carriers," exempt from the Carmack Amendment and instead liable to Plaintiffs for their negligence.

## II.  Standard of Review

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Thus, to withstand a motion for summary judgment, the non-moving party must proffer competent evidence sufficient to reveal the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(e)(2); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 246-47 (1986).

In determining whether a "genuine issue of material fact" exists, any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88

2

(1986); Erwin v. United States, 591 F.3d 313, 327 (4th Cir. 2008). However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 246-47. Rather, "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment." Thompson v. Carlisle, 2010 WL 382044, at *1 (4th Cir. Feb. 3, 2010). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson, 477 U.S. at 248-49.

### III. Analysis

As an initial matter, the Court denies Plaintiffs' Motion for Summary Judgment as untimely for the reasons stated in Defendants' opposition. Plaintiffs' did not seek leave of court to extend the dispositive motion deadline, and Plaintiffs have provided no explanation to excuse their delay. Given that Plaintiffs appear *pro se*, the Court will, however, consider the arguments in their motion and attachment thereto as part of Plaintiffs' response in opposition to Defendants' motion. Defendants move for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 56(a) and LCvR 7.1, requesting that the Court issue an Order, "finding that they validly limited their liability consistent with the requirements of the Carmack Amendment to $0.60 per pound per article and that Plaintiffs' maximum recovery totals $385.20." (Doc. No. 17-1 at 1).

To recover under the Carmack Amendment, a plaintiff must make out a *prima facie* case establishing: (1) delivery to the carrier in good condition; (2) arrival in damaged condition; and (3) amount of damages. Oak Hall Cap & Gown Co., Inc. v. Old Dominion Freight Line, Inc., 899 F.2d 291, 294 (4th Cir. 1990). The second element is uncontested, as the parties agree certain

3

household goods belonging to Plaintiffs arrived at their destination in North Carolina in damaged condition.

As to the first element, Defendants admit liability agreeing to be a carrier and conceding it took possession of the property in good condition. Plaintiffs now contest, for the first time, whether Defendants fit the definition of a "carrier" and instead argue in their supplemental response that Defendants "brokered the move to a third party, Silver Transportation that had no relationship with the Plaintiffs." (Doc. No. 22). Plaintiffs rely on Defendants' response to Plaintiffs' First Set of Interrogatories, (Doc. No. 21, p. 3), where Defendants stated, "This shipment was transported by Defendant's agent, Silver Transportation. Defendants are not currently in possession of the identities of the driver or any other employees or agents of Silver Transportation who may have handled, transported, loaded, or unloaded Plaintiff's [sic] freight." Id. Despite this admission of agency, noticeably absent from this record, however, is any evidence or forecast of evidence that could create a question of fact on whether Defendants are a "broker." Nothing in this statement could allow a reasonable juror to conclude Defendants are a "broker" and not a "carrier" for purposes of the Carmack Amendment. In the Court's Roseboro Notice reopening briefing on the instant motion, the Court advised Plaintiffs of the burden they carried in responding, including the need to present any *evidence* "to this Court in a form that would otherwise be admissible at trial, for example, exhibits, affidavits, or unsworn declarations." (Doc. No. 20, p. 10). The evidence before this Court is insufficient to create a genuine dispute as to whether Defendants satisfy the definition of "carrier" under the Carmack Amendment. The first element is therefore conclusively established, leaving the third element of damages as the sole issue remaining for the Court.

4

The Carmack Amendment makes a carrier liable "for the actual loss or injury to the property" it transports. See Ward v. Allied Van Lines, Inc., 231 F.3d 135, 138 (4th Cir. 2000) (citing 49 U.S.C. § 14706(a)(1). "[C]arrier liability for actual loss is the default rule;" however, the Carmack Amendment "permits a carrier to limit liability by contract." Saacke N. Am., LLC v. Landstar Carrier Servs., Inc., No. 5:11CV107-RLV, 2012 WL 6590487, at *4 (W.D.N.C. Dec. 18, 2012); see also 49 U.S.C. § 14706(c)(1)(A) and (B). To limit liability under the Carmack Amendment, a carrier bears the burden of demonstrating they have: "(1) give[n] the shipper a reasonable opportunity to choose between two or more levels of liability; (2) obtain[ed] a shipper's agreement as to his choice of liability; and (3) issue[d] a bill of lading prior to moving the shipment that reflects the agreement." Saacke N. Am., LLC, No. 5:11CV107-RLV, 2012 WL 6590487, at *4 (quoting Arco Automation Sys., Inc. v. Iscont Shipping Ltd., 706 F.Supp. 413, 415 (D.Md.1989)).

Here, Defendants contend they provided Plaintiffs a reasonable opportunity to choose between two or more levels of liability. Defendants point to the "Estimate/Order for Service" they provided to Plaintiffs prior to the move, which set various shipping costs associated with the move depending upon whether Plaintiffs selected Full Value Replacement of their goods (with varying deductible levels) or waived Full Value Replacement in favor of the released rate of $.060 per pound. Plaintiffs do not dispute they received this estimate and agree Plaintiff Lewis German signed the document on behalf of himself and his wife on January 23, 2019. (Doc. No 17-2, pp. 80–81, 83 ¶12–14).

Defendants also provided Plaintiffs with a Bill of Lading prior to the move, which provided Plaintiffs with two options: (1) full replacement value protection for the goods transported in

5

exchange for the higher shipping quote provided in the Estimate; or (2) waiver of the replacement value protection, which if waived, the goods would be transported at the lower release rate value of $0.60 per pound in exchange for a lower shipping cost. (Doc. No. 17-2). As the Bill of Lading demonstrates, Plaintiff Lewis German provided his signature on behalf of himself and his wife, selecting the second option–the released rate of $0.60 per pound. (Doc. No. 17-2). In signing this document, Plaintiffs also acknowledged they received a copy of a brochure entitled, "Your Rights and Responsibilities When You Move" that details further these liability options. (Doc. No. 17-2, pp. 10, 14–45). Despite this, Plaintiffs dispute that Defendants' liability is limited to Plaintiffs' own selection of $0.60 per pound and instead request full value replacement cost.

According to Plaintiffs, in selecting the $0.60 released rate of liability, they were purchasing insurance "for accidental or for fire to [their] property" and that such insurance does not cover "damage[] caused by gross negligence or intentional damage." (Doc. No. 18, p. 1). Plaintiffs contend their property was damaged due to "gross negligence and Bekins [s]taff not following Bekins published guidelines for packing." (Doc. No. 18 at 1). Further, Plaintiffs assert that, "[t]he Carmack Amendment is not inclusive of negligence." Id. However, this argument is without merit.

As the Court previously articulated in ruling on Defendants' Motion to Dismiss, the Carmack Amendment preempts all state law claims concerning damage to or loss of goods transported in interstate commerce–including negligence claims. Doc. No. 20, pp. 6-8; see also Taylor v. Mayflower Transit, Inc., 22 F. Supp. 2d 509, 511 (W.D.N.C. 1998) (holding that Plaintiffs' state law negligence claims were preempted by the Carmack Amendment); see also Shao, 986 F.2d at 706–07 ("[a]llowing a shipper to bring common law breach of contract or

6

Case 3:19-cv-00558-FDW-DSC   Document 26   Filed 10/23/20   Page 6 of 8

negligence claims against a carrier for such loss or damage conflicts with [Congressional] policy."). Because the Court dismissed Plaintiffs state law claims as preempted by the Carmack Amendment, to the extent that they continue to assert a state law claim of negligence, their argument cannot be considered.

Moreover, the Bill of Lading signed by Plaintiffs contains the following language above the selection concerning selection of carrier liability: "THE CONSUMER MUST SELECT ONE OF THESE OPTIONS FOR THE CARRIER'S LIABILITY FOR LOSS OR DAMAGE TO YOUR HOUSEHOLD GOODS–<u>CUSTOMER'S DECLARATION OF VALUE</u>: THIS IS A TARIFF LEVEL OF CARRIER LIABILITY–IT IS <u>NOT</u> INSURANCE." (Doc. No. 17-2, p. 10) (emphasis in original). Thus, Defendants clearly and explicitly stated that what Plaintiffs were selecting was *not* insurance.

Because Defendants have provided evidence to show there is no "genuine dispute" as to any material fact concerning their liability under the Carmack Amendment, and Plaintiffs have not provided any evidence to the contrary, Defendant's Motion for Summary Judgment is GRANTED. Therefore, the Court finds as a matter of law that Defendants validly limited their liability under the Carmack Amendment to $0.60 per pound per article. Plaintiffs have presented neither evidence to argument to contest Defendants' calculation that their maximum liability to Plaintiffs totals $385.20.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 21) is DENIED, and Defendants' Motion for Summary Judgment (Doc. No. 17) is GRANTED. The Court finds as a matter of law that Defendants validly limited their liability consistent with the

7

Case 3:19-cv-00558-FDW-DSC   Document 26   Filed 10/23/20   Page 7 of 8

requirements under the Carmack Amendment to $0.60 per pound per article, and therefore Defendants' maximum liability to Plaintiffs totals $385.20. The Court respectfully directs the Clerk of Court to enter Judgment for Plaintiffs in accordance with this Order and CLOSE THE CASE.

IT IS SO ORDERED.

Signed: October 22, 2020

Frank D. Whitney
United States District Judge

8